**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **TRACY JENICE HANCOCK** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:22-cv-00456-K** |
| | § | |
| **WAL-MART STORES, INC.** | § | |
| **DEFENDANT.** | § | |

---

**DEFENDANT WAL-MART STORES TEXAS LLC'S
BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

---

Respectfully submitted,

**DEREK S. DAVIS**
Texas Bar No. 00793591
Email: Derek.Davis@CooperScully.com
**EVAN K. SCOTT**
Illinois Bar No. 6325854
Email: Evan.Scott@CooperScully.com

**COOPER & SCULLY, P.C.**
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile: (214) 712-9540

**ATTORNEYS FOR DEFENDANT
WAL-MART STORES TEXAS, LLC**

TABLE OF AUTHORITIES ...................................................................................................ii-iii

I. SUMMARY...............................................................................................................1

II. SUMMARY JUDGMENT EVIDENCE ...................................................................2

III. ARGUMENT AND AUTHORITIES.......................................................................3

    A. Summary Judgment Standards.......................................................................3

    B. Plaintiff's Premises Liability Claim Fails as a Matter of Law....................3

        1. Plaintiff has no competent summary judgment evidence that Walmart
           had actual or constructive knowledge of an unreasonably
           dangerous condition ...............................................................................4

        2. Plaintiff has no competent summary judgment evidence that Walmart
           failed to use reasonable care ..................................................................7

        3. Plaintiff has no competent summary judgment evidence that Walmart
           proximately caused Plaintiff's injuries ..................................................8

    C. Plaintiff's Respondeat Superior Claim Must Fail as a Matter of Law..........9

IV. PRAYER....................................................................................................................9

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allen ex rel. B.A. v. Albin*,
    97 S.W.3d 655 (Tex. App.-Waco 2002)........................................................................ 8

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ....................................................................................................... 3

*Cedars Treatment Ctr. Of Desoto, Tex., Inc. v. Mason*,
    143 S.W.3d 794 (Tex. 2004) ......................................................................................... 9

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ....................................................................................................... 3

*City of Denton v. Paper*,
    376 S.W.3d 762 (Tex. 2012) ......................................................................................... 4

*CMH Homes, Inc. v. Daenen*,
    15 S.W.3d 97 (Tex. 2000) ............................................................................................. 8

*Coburn v. Toys R Us-Delaware, Inc.*,
    2011 WL 345936 (Tex. App.—Houston [1st Dist.], Feb. 3, 2011, no pet.).................. 6

*Doe v. Boys Clubs of Greater Dallas, Inc.*,
    907 S.W.2d 472 (Tex. 1995) ......................................................................................... 9

*G&H Towing Co. v. Magee*,
    347 S.W.3d 293 (Tex. 2011) ......................................................................................... 9

*Garcia v. Ross Stores, Inc.*,
    896 F. Supp. 2d 575 (S.D. Tex. 2012*)* ........................................................................ 5

*GTE Sw., Inc. v. Bruce*,
    998 S.W.2d 605 (Tex. 1999) ......................................................................................... 9

*Henkel v. Norman*,
    441 S.W.3d 249 (Tex. 2014) ......................................................................................... 3

*Hyde v. Hoffmann-La Roche, Inc.*,
    511 F.3d 506 (5th Cir. 2007)......................................................................................... 3

*Keetch v. Kroger Co.*,
    845 S.W.2d 262 (Tex. 1992) ..................................................................................... 2, 3

*King v. Ames*,
    179 F.3d 370 (5th Cir. 1999) ................................................................... 3

*Kroger Co. v. Benavides*,
    486 S.W.2d 877 (Tex. App.—Corpus Christi 1972, no writ)....................... 8

*Little v. Liquid Air Corp.*,
    37 F.3d 1069 (5th Cir. 1994) ................................................................... 3

*Marathon Corp. v. Pitzner*,
    106 S.W.3d 724 (Tex. 2003) ................................................................... 9

*Neely v. Petro Stopping Centers, L.P.*,
    2007 WL 1168437 (Tex. App.—Fort Worth April 19, 2007, pet. denied) ............... 5

*Singletary v. Atrium Fin. II, LP*,
    2017 WL 1396124 (S.D. Tex., Mar. 2, 2017) ....................................... 8, 9

*Sturdivant v. Target Corp.*,
    464 F. Supp.2d 596 (N.D. Tex. 2006) ...................................................... 6

*Taylor v. Good Shepherd Hosp., Inc.*,
    2005 WL 2035836 (Tex. App.—Tyler Aug. 24, 2005, no pet.)................... 5

*Threlkeld v. Total Petroleum, Inc.*,
    211 F.3d 887 (5th Cir. 2000) ................................................................... 5

*Travis v. City of Mesquite*,
    830 S.W.2d 94 (Tex. 1992) ..................................................................... 8

*Wal-Mart Stores v. Reece*,
    81 S.W.3d 812 (Tex. 2002) ............................................................. 4, 5, 6

*Wal-Mart Stores, Inc. v. Gonzalez*,
    968 S.W.2d 934 (Tex. 1998) .......................................................... 3, 8, 9

*Wal-Mart Stores, Inc. v. Spates*,
    186 S.W.3d 566 (Tex. 2006) ................................................................... 6

## Rules

Fed. R. Civ. P. 56(a) .................................................................................. 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **TRACY JENICE HANCOCK** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 3:22-cv-00456-K** |
| **WAL-MART STORES, INC.** | § | |
| **DEFENDANT.** | § | |
| | § | |

---

**DEFENDANT WAL-MART STORES TEXAS LLC'S
BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendant WAL-MART STORES TEXAS, LLC (incorrectly named Walmart, Inc.) ("Walmart"), respectfully submits this Brief in Support of its Motion for Summary Judgment, in which it moves this Honorable Court to grant summary judgment in its favor on all of Plaintiff's claims, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Northern District of Texas Local Rule 56.3.

## I.  SUMMARY

Plaintiff Tracy Hancock alleges that, on or about February 3, 2020, she went to Walmart's store to get a few things to make supper.[1] She further alleges that, as she was shopping in the produce section, she slipped on a "foreign transitory substance" on the aisle floor causing her to fall and forcefully strike the ground with her body.[2] Plaintiff filed suit on the legal theories of premises liability and respondeat superior.[3]

---

[1] Ex. B at 24:15-16 (APPX_011).
[2] Ex. A at p. 2 (APPX_002).
[3] Ex. A at p. 4 (APPX_004).

In this lawsuit, Plaintiff testified that she did not recall seeing anything on the floor before she fell.[4] Plaintiff also does not know what exactly she slipped on.[5] Plaintiff continued to shop, did not report the incident that day, and did not seek treatment on the day of the incident.[6] As a result of her fall, Plaintiff alleges she sustained various injuries.[7]

To prevail on her premises liability claim, Plaintiff must prove, among other things, that Walmart had actual or constructive notice of the hazard. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). Plaintiff cannot show evidence to raise a genuine issue of material fact as to Walmart's actual or constructive notice of a hazard. Accordingly, this Court should grant summary judgment to Walmart on Plaintiff's claim of premises liability, thereby rendering Plaintiff's remaining respondeat superior claim as moot, and dismiss this case with prejudice.

## II.     SUMMARY JUDGMENT EVIDENCE

Filed contemporaneously herewith, and pursuant to N.D. Tex. Loc. R. 56, is Defendant's Appendix containing the following summary judgment evidence, which is incorporated herein by reference as if fully set forth:

**Exhibit A:**     Plaintiff's Original Petition;

**Exhibit B:**     Deposition Transcript of Plaintiff Tracy Hancock (referenced as Ex. B at Page: Line);

**Exhibit C:**     Declaration of Cindy Escobedo.

---

[4] Ex. B at 26:12-14 (APPX_013).
[5] Ex. B at 25:24—26:11, 27:5-13 (APPX_012-013)
[6] Ex. B at 28:24—29:3, 28:15-17, 29:15-17 (APPX_015-016).
[7] Ex. A at p.3 (APPX_003).

### III.     ARGUMENT AND AUTHORITIES

#### A.     Summary Judgment Standards

Summary judgment is proper if the pleadings, discovery, disclosure materials, along with affidavits, if any, show that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). A defendant seeking summary judgment on a plaintiff's cause of action first must demonstrate the absence of any genuine issues of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Once the defendant makes this showing, the plaintiff must come forward with summary judgment evidence sufficient to raise a genuine issue of material fact. *Celotex*, 477 U.S. at 322; *King v. Ames*, 179 F.3d 370, 373 (5th Cir. 1999).

A defendant also may obtain summary judgment by showing a plaintiff has no evidence to support an essential element of his or her claim. *Celotex*, 477 U.S. at 323. The plaintiff, in responding to the motion for summary judgment, must go beyond the pleadings and designate evidence of specific facts demonstrating that there is a genuine issue of material fact for trial. *Id.*

#### B.     Plaintiff's Premises Liability Claim Fails as a Matter of Law

In this diversity case, the substantive law of Texas applies.  *E.g.*, *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 510 (5th Cir. 2007). To prove an action under a Texas premises liability theory of recovery, the plaintiff must establish: (1) a condition on the premises posed an unreasonable risk of harm; (2) the defendant knew or reasonably should have known of the danger; (3) the defendant did not exercise reasonable care to reduce or eliminate the risk; and (4) the failure to use such care proximately caused the plaintiff's injuries. *See, e.g.*, *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014); *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998) (citing *Keetch*, *supra*, 845 S.W.2d at 264). As argued here, Plaintiff cannot prove notice to

Walmart, which is defined in element (2). It follows that without actual or constructive notice to Walmart, Plaintiff cannot prove elements (3) or (4).

> **1.      Plaintiff has no competent summary judgment evidence that Walmart had actual or constructive knowledge of an unreasonably dangerous condition.**

Plaintiff cannot present any evidence that Walmart had either actual or constructive knowledge of the foreign transitory substance on the floor prior to her fall. Premises owners are not liable on a strict liability basis; there must be some notice of a dangerous condition prior to an invitee's injury for liability to attach. *Wal-Mart Stores v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002). A slip-and-fall plaintiff satisfies the notice element by establishing that (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it. *Reece*, 81 S.W.3d at 816. Actual knowledge is self-explanatory—the premises owner (or the owner's employees) must be shown to have actually known an unreasonable risk of harm existed before the plaintiff was injured. *City of Denton v. Paper*, 376 S.W.3d 762, 767 (Tex. 2012).

Here, Plaintiff has no evidence to raise a genuine issue of material fact that Walmart or its employees caused any foreign transitory substance to be on the floor. Plaintiff cannot personally know how the hazard came to be on the floor, because she did not notice it until after she fell.[8] There is no evidence that indicates Walmart actually knew of the hazard prior to her incident.[9] Accordingly, Plaintiff cannot raise a fact issue on the element of actual notice of an unreasonably dangerous condition.

---

[8] Ex. B at 26:12-14 (APPX_013).
[9] Ex. C at 2 (APPX_021).

Because Plaintiff cannot establish actual notice, she must prove constructive notice. The Texas Supreme Court in *Reece* set out three non-exclusive factors that demonstrate constructive notice in a premises liability case:

1) Temporal Evidence – That an unreasonably dangerous condition was present long enough to be discovered by an employee.
2) Proximity Evidence – That an employee in the course and scope of employment was close enough to the condition to discover it.
3) Conspicuousness Evidence – That the condition was capable of discovery prior to the injury (i.e. that it was visible and apparent).

*Reece*, 81 S.W.3d at 816. Plaintiff does not have sufficient evidence to raise a genuine issue of material fact as to any of these factors.

The first factor requires proof that an unreasonably dangerous condition existed for a long enough time to be discovered by the premises owner or their employee. *See Id*. at 815. Federal courts have held that "[a] dangerous condition that has existed for forty-five minutes or less has been considered to be legally insufficient to show constructive knowledge." *Garcia v. Ross Stores, Inc.*, 896 F. Supp. 2d 575, 580 (S.D. Tex. 2012*); see also Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 892 (5th Cir. 2000) (holding that a puddle which was on the floor of the defendant's premises for forty-five minutes was not present for a long enough time to impute constructive knowledge). Further, Texas courts have found a lack of constructive knowledge on the part of the premises owner where hazards, even conspicuous hazards, were only present for as little as five or less minutes. *See, e.g., Neely v. Petro Stopping Centers, L.P.*, No. 02-06-00385-CV, 2007 WL 1168437 *2 (Tex. App.—Fort Worth April 19, 2007, pet. denied) (mem. op.) (evidence that duffle bag protruded into aisle of store for five to ten minutes before plaintiff fell over it was not evidence of actual or constructive knowledge on the part of the store); *Taylor v. Good Shepherd Hosp., Inc.*, No. 12–04–00159–CV, 2005 WL 2035836 at *1–3 (Tex. App.—Tyler Aug. 24, 2005, no pet.) (mem. op.) (no constructive knowledge where a Plaintiff tripped over a step-stool that had been in

the same location for approximately five to seven minutes before the injury).

The second factor—proximity—requires proof that an employee in the course and scope of his or her employment was close enough to the condition to discover it. *Reece*, 81 S.W.3d at 816. Even if the employee was in the proximity of the allegedly dangerous condition, the employee had to have been in the proximity for a reasonable amount of time to have been able to discover it. *See, e.g.*, *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006) (summary judgment proper because evidence that plastic ring was behind the back of store employee for 30-45 seconds before fall was legally insufficient to raise fact issue on constructive notice).

The third factor—conspicuity—requires evidence that the condition was conspicuous and capable of discovery prior to the injury. *See Reece*, 81 S.W.3d at 816-17 (using the example of a large puddle of dark liquid on a light floor). Courts recognize that a clear liquid on a light floor is generally not conspicuous. *See, e.g.*, *Coburn v. Toys R Us-Delaware, Inc.*, No. 01-09-00871-CV, 2011 WL 345936 at *5 (Tex. App.—Houston [1st Dist.], Feb. 3, 2011, no pet.) (mem. op.); *Sturdivant v. Target Corp.*, 464 F. Supp.2d 596, 602-03 (N.D. Tex. 2006).

As explained above, finding constructive notice requires analyzing the combination of proximity, conspicuity, and longevity of the hazard. *See Spates*, 186 S.W.3d 566, 567 (Tex. 2006). Here, Plaintiff does not have sufficient evidence that could raise a genuine fact issue on the components of constructive notice. While Plaintiff's testimony indicated that there were Walmart employees nearby when the incident occurred, this fact alone is not determinative of constructive notice.[10] The Texas Supreme Court unanimously held that the mere proximity of an employee to a spill, without evidence of when or how it came to be on the floor was legally insufficient to charge a premises owner with constructive notice of the hazard. *See Reece*, 81 S.W.3d 812, 816-

---

[10] *See* Ex. B at 25:24—26:11 (APPX_012-13).

17 (Tex. 2002). Additionally, the creation of the condition was unknown, and nobody, including the Walmart employees, had any knowledge of how the condition was created or how long the condition existed prior to Plaintiff's incident.[11]

Thus, even if the Court finds that proximity and temporality elements have been satisfied, which is denied, there are no facts that Plaintiff may rely on to indicate conspicuity. Plaintiff herself testified that she did not see anything on the floor prior to her fall.[12] The foreign transitory substance was not conspicuous in any manner to allow for Walmart or its employees to discover it prior to Plaintiff's incident.[13] The only reasonable inference here is that, even if there was a foreign transitory substance on the floor, it was not capable of discovery by Walmart or its employees prior to Plaintiff's fall.[14] This establishes that no fact issue exists on the conspicuousness elements of constructive notice, which negates another element of Plaintiff's premises liability claim.

In sum, Plaintiff cannot present any competent evidence to raise a genuine issue of material fact as to whether Walmart had actual or constructive notice of a condition that posed an unreasonable risk of harm to Plaintiff (i.e., this element is unsupported by the testimony, pleadings, and applicable case law). As such, Plaintiff's premises liability claim fails, and the Court should grant summary judgment in favor of Walmart as a matter of law.

> **2.** **_Plaintiff has no competent summary judgment evidence that Walmart failed to use reasonable care._**

A Texas store owner owes its invitees only the duty to exercise reasonable care to protect them against unreasonably dangerous conditions in the store, known to or discoverable by the

---

[11] Ex. C at 2 (APPX_020).
[12] Ex. B at 26:12-14 (APPX_013).
[13] Ex. C at 2 (APPX_021).
[14] Ex. C at 2 (APPX_021).

owner. *See, e.g.*, *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). This duty does not make the store owner an insurer of the invitees' safety. *Id*.; *see also CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102 (Tex. 2000) ("We reiterate that premises owners are not strictly liable for conditions that result in injury.").

Here, Walmart did not owe any duty to warn or to make the condition safe because Plaintiff failed to establish that any such condition was reasonably discoverable by Walmart. *See Gonzalez*, 968 S.W.2d at 936. Since Walmart did not have actual or constructive knowledge of the alleged foreign transitory substance on the floor when Plaintiff slipped, Walmart could not have breached any duty to warn Plaintiff or to make the area safe. Walmart cannot warn about or fix something it did not know about. *See, e.g.*, *Singletary v. Atrium Fin. II, LP*, No. 4:16-CV-00496, 2017 WL 1396124 at *4 (S.D. Tex., Mar. 2, 2017) ("Clearly, an owner does not owe a duty to remedy a dangerous condition of which it is not aware"); *Kroger Co. v. Benavides*, 486 S.W.2d 877, 880 (Tex. App.—Corpus Christi 1972, no writ) (no evidence of breach because no evidence showed that dangerous condition had existed for such length of time that, in exercise of ordinary care, defendant or any of its agents could have discovered it).

Because Plaintiff cannot raise a genuine issue of material fact that Walmart failed to use reasonable care, Walmart's motion for summary judgment should be granted.

### 3. *Plaintiff has no competent summary judgment evidence that Walmart proximately caused Plaintiff's injuries.*

Premises liability is not a strict liability cause of action. *See CMH Homes, Inc. v. Daenan*, 15 S.W.3d 97, 101 (Tex. 2000); *Allen ex rel. B.A. v. Albin*, 97 S.W.3d 655, 659-60 (Tex. App.-Waco 2002). Therefore, Plaintiff is required to provide evidence that Walmart proximately caused Plaintiff's injuries. *See id*. Proximate cause requires a show of cause in fact and foreseeability. *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992).  These elements cannot be established

by mere conjecture, guess, or speculation. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). The test for cause in fact is whether the act or omission was a substantial factor in causing the injury without which the harm would not have occurred. *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727 (Tex. 2003). If the defendant's negligence merely furnished a condition that made the injuries possible, there can be no cause in fact. *HIS Cedars Treatment Ctr. Of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 799 (Tex. 2004).

Walmart cannot be held to owe a duty to warn or to fix an alleged condition of which it was not aware and could not reasonably have discovered before Plaintiff encountered it. *Gonzalez*, *supra*, 968 S.W.2d at 936; *Singletary v. Atrium Fin. II, LP*, No. 4:16-CV-00496, 2017 WL 1396124 at *4 (S.D. Tex., Mar. 2, 2017). Thus, Plaintiff cannot raise any fact issue on whether Walmart proximately caused the incident or her injuries.

### C.     Plaintiff's Respondeat Superior Claim Must Fail as a Matter of Law

To hold a defendant vicariously liable under respondeat superior, the plaintiff must prove it was injured as a result of a tort. *See G&H Towing Co. v. Magee*, 347 S.W.3d 293, 296 (Tex. 2011); *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 617-18 (Tex. 1999). As argued above, Plaintiff cannot show that she was injured as a result of Walmart's employees' alleged tortious conduct. Since Plaintiff's sole claim based upon Defendant's allegedly tortious actions, premises liability, cannot prevail, it must follow that Plaintiff cannot prevail on her respondeat superior claim. For these reasons, Walmart's motion for summary judgment should be granted.

### IV.     PRAYER

**WHEREFORE**, Defendant Wal-Mart Stores Texas, LLC respectfully prays that this Court grant its Motion for Summary Judgment, dismiss Plaintiff's claims with prejudice, tax all costs of court against Plaintiff, and grant Walmart all other relief to which it may show itself justly entitled in law or in equity.

Respectfully submitted,

By:     /s/ Evan K. Scott
**DEREK S. DAVIS**
Texas Bar No. 00793591
Email: Derek.Davis@CooperScully.com
**EVAN K. SCOTT**
Illinois Bar No. 6325854
Email: Evan.Scott@CooperScully.com

**COOPER & SCULLY, P.C.**
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile: (214) 712-9540

**ATTORNEYS FOR DEFENDANT**
**WAL-MART STORES TEXAS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that, on the 5th day of May, 2023, I served a true and correct copy of the foregoing document on the following counsel of record via the Court's CM/ECF filing service:

**GEOFFREY E. SCHORR**
Texas Bar No. 24029828
Email: Geoff@schorrfirm.com
**A. JARED ALDINGER**
Texas Bar No. 24068455
Email: Jared@schorrfirm.com
**HUTTON W. SENTELL**
Texas Bar No. 24026655
Email: Hutton@schorrfirm.com

328 W. Interstate 30, Suite 2
Garland, Texas 75043
Telephone: (972) 226-8860
Facsimile:  (972) 226-9787
**ATTORNEYS FOR PLAINTIFF**

/s/ Evan K. Scott
**EVAN K. SCOTT**