**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TRACY JENICE HANCOCK** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 3:22-cv-00456-K** |
| **WAL-MART STORES, INC.** | § | |
| | § | |
| **DEFENDANT.** | § | |
| | § | |

---

**APPENDIX TO DEFENDANT WAL-MART STORES TEXAS, LLC'S**
**MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**

---

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Defendant WAL-MART STORES TEXAS, LLC, (incorrectly named Wal-Mart, Inc.) ("Walmart"), files its Appendix in Support of its Motion for Summary Judgment, containing the following summary judgment evidence:

| | | |
|---|---|---|
| Defendant's **Exhibit A**: | Plaintiffs Original Complaint | APPX_001 – APPX_005 |
| Defendant's **Exhibit B**: | Deposition Transcript of Plaintiff Tracy Hancock | APPX_006 – APPX_019 |
| Defendant's **Exhibit C**: | Declaration of Cindy Escobedo | APPX_020 – APPX_021 |

**EXHIBIT**

**A**

Respectfully submitted,

By:    */s/ Evan K. Scott*

**DEREK S. DAVIS**
Texas Bar No. 00793591
Email: Derek.Davis@CooperScully.com
**EVAN K. SCOTT**
Illinois Bar No. 6325854
Email: Evan.Scott@CooperScully.com

**COOPER & SCULLY, P.C.**
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile: (214) 712-9540

**ATTORNEYS FOR DEFENDANT**
**WAL-MART STORES TEXAS, LLC**

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that, on the 8th day of May, 2023, I served a true and correct copy of the foregoing document on the following counsel of record via the Court's CM/ECF filing service:

**GEOFFREY E. SCHORR**
Texas Bar No. 24029828
Email: Geoff@schorrfirm.com
**A. JARED ALDINGER**
Texas Bar No. 24068455
Email: Jared@schorrfirm.com
**HUTTON W. SENTELL**
Texas Bar No. 24026655
Email: Hutton@schorrfirm.com

328 W. Interstate 30, Suite 2
Garland, Texas 75043
Telephone: (972) 226-8860
Facsimile:  (972) 226-9787
**ATTORNEYS FOR PLAINTIFF**

                                 */s/ Evan K. Scott*
                                 **EVAN K. SCOTT**

Filed 1/17/2022 2:49 PM
Susan Spradling,
District Clerk
Hunt County, Texas

RC

## CAUSE NO. ___90789___

| | | |
|---|---|---|
| **TRACY JENICE HANCOCK,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **HUNT COUNTY TEXAS** |
| | § | Hunt County - 354th District Court |
| **WAL-MART STORES, INC.** | § | |
| **Defendant.** | § | **____ JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

      COMES NOW, TRACY JENICE HANCOCK, Plaintiff, and files Plaintiff's Original Petition, complaining of Defendant, WAL-MART STORES, INC. (hereinafter referred to as Defendant or Wal-Mart), and in support thereof would show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

      Pursuant to Texas Rule of Civil Procedure 190.4, discovery in this suit is to be conducted under Level 3.

### II.
### RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

      As required by Rule 47(b) of the Texas Rules of Civil Procedure, the damages sought are within the jurisdictional limits of this Court. As required by Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000. TEX. R. CIV. P. 47(c)(3). The amount of monetary relief actually awarded, however, will ultimately be decided by a jury. Plaintiff also seeks prejudgment and post-judgment interest at the highest allowable legal rate.

**EXHIBIT**

**A**

1

APPX_001

## III.
## PARTIES

Plaintiff, **TRACY JENICE HANCOCK**, is an individual who resides in Greenville, Hunt County, Texas.

Defendant, **WAL-MART STORES, INC.,** is a corporation conducting business in Texas, which can be served through its registered <u>agent CT Corporations System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.</u> CITATION IS REQUESTED.

Defendant Walmart is sued in its assumed name pursuant to Tex. R. Civ. P. 28 which provides that any partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue and be sued in its partnership, assumed or common name and may be served with process, through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## IV.
## JURISDICTION & VENUE

This Court has jurisdiction over this matter because Plaintiff has suffered damages in excess of the minimum jurisdictional limits of this Court. Venue is proper in Hunt County pursuant to Texas Civil Practice and Remedies Code §15.002 because all or a substantial part of the events or omissions giving rise t0 the claim occurred in Dallas County, Texas.

## V.
## FACTS

On or about February 3, 2020, Plaintiff was injured on Walmart's premises, Store Number 427, located 7401 Interstate 30, Greenville, Texas. At the time of injury, Defendant, WAL-MART, was operating a store at this location.

Defendant was in control of the premises on which Plaintiff's injuries occurred. At the time

2

the injuries occurred, Defendant was the owner of the premises or was leasing the premises and had the exclusive right to control the property on which Plaintiff was injured. Plaintiff was an invitee at the time the injury occurred. Plaintiff was on Defendant's premises for the mutual benefit of herself and defendant, and at the implied invitation of the Defendant. Defendant extended an open invitation to the public to enter the premises.

Plaintiff was injured when she slipped on a substance that was accumulated on the floor and fell. Plaintiff suffered bodily injuries and/or aggravation of the body as a result of this accident.

## VI.
## NEGLIGENCE

Because Plaintiff was an invitee at the time of injury, Defendant owed her a duty to exercise ordinary care to keep the premises in reasonably safe condition, inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of any dangers.

Defendant's conduct, and that of its agents, servants, and employees, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed to Plaintiff. Defendant knew or should have known that the condition on its premises created an unreasonable risk of harm to invitees in that liquids, like water, accumulating on the floor could cause invitees to slip and fall. Defendant failed to exercise ordinary care to reduce or eliminate this risk or warn invitees regarding it. Specifically, Defendant breached its duty in one or more of the following ways:

1. Failing to inspect the premises on a regular basis;

2. Failing to place signs warning invitees;

3. Failing to instruct or train its agents, servants, and employees to maintain a hazard free environment; and

4. Failing to supervise its agents, servants, and employees to ensure the safety of

3

APPX_003

invitees.

5.   in failing to properly and safely maintain their premises;

Each of these acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages.

## VII.
## DAMAGES

As a proximate result of Defendant's negligence, Plaintiff suffered severe physical injuries. As a result of her injuries, Plaintiff has suffered the following damages:

a.   Physical pain in the past and future;

b.   Mental anguish in the past and future;

c.   Lost wages in the past and future; and

d.   Medical expenses in the past and future.

e.   Physical impairment.

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, TRACY JENICE HANCOCK, respectfully requests that Defendant be cited to appear and answer, and on final trial, that Plaintiff have judgment against Defendant for:

a.   Actual damages;

b.   Prejudgment and post-judgment interest as allowed by law;

c.   Costs of suit; and

d.   Any further relief, either in law or equity, to which Plaintiff is justly entitled.

4

Respectfully submitted,
Hernandez Law Group

By: _____
Gina L. Giblin
Texas Bar Number 00787532
Juan C. Hernandez
Texas Bar Number 24002270
16850 Dallas Parkway
Dallas, Texas 75248
214-900-0000 Main Telephone
972-234-7801 Direct Line
972-234-7801 Telefax
gina@juanlaw.com
**ATTORNEYS FOR PLAINTIFF**

5

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - -X

TRACY JENICE HANCOCK,

        Plaintiff,

  -vs-                          Civil Action No.
                                     3:22-CV-0456-K

WAL-MART STORES, INC.,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - -X

ZOOM DEPOSITION OF TRACY JENICE HANCOCK

Thursday, March 30, 2023

Reported by:

Jeannette McCormick

Job No. 443693

EXHIBIT

B

CERTIFIED
TRANSCRIPT



AdvancedONE LEGAL is now LEXITAS

```
1              REMOTE ZOOM DEPOSITION of TRACY JENICE

2    HANCOCK, taken pursuant to Notice, held remotely on

3    Thursday, March 30, 2023, at 10:00 a.m. Central

4    Time, before JEANNETTE MCCORMICK, a Texas Certified

5    Shorthand Reporter, Texas CSR License Number 2050.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```



APPX_007

```
 1    A P P E A R A N C E S:              (VIA ZOOM)

 2

 3

 4       SCHORR LAW FIRM, PC
         (VIA ZOOM)
 5             Attorneys for Plaintiff
               328 W. IH-30
 6             Garland, Texas 75043
         BY:   GEOFFREY SCHORR, ESQ.
 7             (972) 226-8860 (Telephone)
               geoff@schorrfirm.com
 8

 9

10

11       COOPER & SCULLY, PC
         (VIA ZOOM)
12             Attorneys for Defendant
               Wal-Mart Stores Texas, LLC
13             900 Jackson Street, Suite 100
               Dallas, Texas 75202
14       BY:   EVAN K. SCOTT, ESQ.
               (214) 712-9500 (Telephone)
15             (214) 712-9540 (Fax)
               evan.scott@cooperscully.com
16

17

18

19

20

21

22

23

24

25
```




```
 1                        I N D E X

 2

 3   WITNESS                 EXAMINATION BY              PAGE

 4

     TRACY JENICE HANCOCK
 5

 6
                            MR. SCOTT                     5
 7

 8

 9

10                        E X H I B I T S

11

12
     HANCOCK
13   NUMBER              DESCRIPTION                     PAGE

14
     1            Customer Incident Report               34
15
     2*           Video of Incident                      35
16
     3            Methodist Moody Brain and Spine
17                Institute Medical Records
                  (6 pages)                              44
18

19

20   *Exhibit 2 (Video) retained by Counsel Evan Scott

21

22

23

24

25
```



```
 1                  TRACY JENICE HANCOCK,

 2            having first been remotely duly sworn,

 3            testified as follows:

 4

 5                       EXAMINATION

 6   BY MR. SCOTT:

 7       Q.  Okay.  So I'll quickly introduce myself.  My

 8   name is Evan Scott, and I represent Wal-Mart Stores

 9   Texas, LLC in the lawsuit that you filed,

10   Ms. Hancock, arising from an incident that occurred

11   in a Walmart store in Greenville, Texas on

12   February 3, 2020.  I'm here today to take your

13   deposition in that case.

14            So I'll lay down a couple of ground rules

15   just briefly because it's probably something that

16   you're not used to doing.

17            The Court Reporter is here with us, and she

18   will be taking down everything that we say.  So it's

19   important that you answer my questions verbally,

20   such as giving a "yes" or "no" answer because she

21   can't take down like a nod of the head or the shrug

22   of shoulders or answers like "um-mm" or "uh-uh."

23            Do you understand that?

24       A.  I do.

25       Q.  Okay.  Also, the Court Reporter can only take
```



1   Q.  That's okay.  I think I'm -- I believe if it

2   happened on the 3rd, it was a Monday.

3       Do you have an idea what time you arrived to

4   the Walmart store?

5   A.  I don't.  I know that I had an appointment at

6   the vet at 3:00.

7   Q.  Do you recall what you had done that day

8   prior to arriving at Walmart?

9   A.  Just working at the farm.  We had farm

10  animals.  We had a garden I was trying to get ready.

11  Yeah, just farm work.

12  Q.  Sure.

13      And how did you get to the store that day?

14  A.  I drove my truck.

15  Q.  Do you recall what you went to the store for?

16  A.  I went to get a few things to make supper.

17  Q.  And did anyone go to the store with you?

18  A.  No.

19  Q.  Had you been to this particular Walmart

20  before the incident?

21  A.  Yes.

22  Q.  Could you approximate how many times you had

23  been to this Walmart?

24  A.  I have no idea.

25  Q.  Sure.  Okay.




1     A.  A lot.
2     Q.  **That's fair.**
3         **Did you drink any alcohol on the day of the**
4  **incident or prior to?**
5     A.  No.
6     Q.  **Do you recall what clothing you were wearing**
7  **on the day of this incident?**
8     A.  I had on my long-sleeved T-shirt, my blue
9  jeans, boots, ball cap.
10    Q.  **Okay.  Could you take me through what**
11 **happened when you arrived to the store?**
12    A.  I believe I went straight to the grocery
13 section.  I don't recall doing anything else.  I
14 think pretty much everything in my hands were things
15 I needed for supper.
16    Q.  **Sure.**
17        **Do you remember what you were doing**
18 **immediately before the incident?**
19    A.  Walking.
20    Q.  **That's fair.**
21        **And do you recall what part of the store the**
22 **incident took place in?**
23    A.  Produce.
24    Q.  **Okay.  So could you take me through the**
25 **incident and tell me, like, what exactly happened**



HANCOCK v WAL-MART STORES, INC.                                    Page 26
TRACY JENICE HANCOCK, 03/30/2023

```
 1   from your recollection?
 2       A.   I needed to get some spinach, and so I was on
 3   my way -- produce would have been on my way out of
 4   the store, on my way out to checkout.  I turned
 5   right and noticed that they were putting produce
 6   out.  There was a cart and some gentlemen, some
 7   employees putting it out.  And so I went to step
 8   around -- to go around them, and the next thing I
 9   know I was on the floor.  And that's when I noticed
10   a lettuce leaf and water on the floor.  I wasn't
11   sure which one I slipped in.
12       Q.   Sure.  And did you see that lettuce leaf or
13   water at any point prior to your fall?
14       A.   I did not.
15       Q.   And you said you noticed the Walmart
16   associates nearby.
17            Did you notice them prior to you falling?
18       A.   I just remember seeing them briefly, and
19   that's why I was stepping out to go around them.  I
20   knew I couldn't go straight through.  The spinach
21   was on the other side of them, so I would be moving
22   around them.
23       Q.   Sure.
24            Okay.  What part of your body struck the
25   ground when you fell?
```



HANCOCK v WAL-MART STORES, INC.                        Page 27
TRACY JENICE HANCOCK, 03/30/2023

 1    A.   Primarily my right hip.
 2    **Q.   And did you feel pain immediately after the**
 3  **incident occurred?**
 4    A.   Yes.
 5    **Q.   So after you fell, what happened next?**
 6    A.   Besides disbelief?  Just intense pain.  I got
 7  up.  The Walmart employees, of course, they heard me
 8  hit the floor.  They both turned around.  One
 9  gentleman asked me if he could help me up.  I
10  believe I was already in the process of standing up.
11  Another one asked me what I fell on, and I told him
12  I didn't -- there was lettuce on the floor, there
13  was water on the floor.  I wasn't sure.  And then I
14  noticed there was no wet floor sign.  I mentioned to
15  them they might want to put that up.
16        The one employee was cleaning up the floor.
17  And I pretty much wanted to get my spinach and go
18  disappear.
19    **Q.   That's fair.**
20        **Do you recall anything about the Walmart**
21  **associates, particularly just like their gender,**
22  **their age?**
23    A.   I know they were both male.
24    **Q.   Okay.  Any other distinguishing factors like**
25  **race or maybe --**



1      A.  I can honestly.  I think one was younger than
2  the other one, but I have no idea how old they were.
3      Q.  Sure.  That's fair.
4          And you said they asked you -- did they ask
5  you if you were okay?
6      A.  Yes.
7      Q.  Did either of them ask if you needed any
8  medical attention?
9      A.  No.
10     Q.  And did you ask for medical attention?
11     A.  Not at that point in time.
12     Q.  Okay.  Did either of them mention filling out
13  an incident report?
14     A.  No.
15     Q.  And did you ask to fill out an incident
16  report?
17     A.  The following day.
18     Q.  Sure.  Sure.
19     A.  Not at that time.  Sorry.  Not at that time.
20     Q.  That's okay.  Okay.
21          Did you notice any other Walmart employees
22  nearby when the incident happened?
23     A.  I did not.
24     Q.  And did you continue to shop after you walked
25  away from the scene of the incident?



HANCOCK v WAL-MART STORES, INC.                                    Page 29
TRACY JENICE HANCOCK, 03/30/2023

1      A.  I got my spinach, so I guess that's a yes.  I
2  picked up my spinach and immediately left the store.
3  Well, I checked out and then left the store.
4      **Q.  Okay.  Do you recall what you did the rest of**
5  **that day?**
6      A.  I took both of my dogs to the vet.  I did
7  have to have help getting them out of the truck and
8  then back into the truck.  Just my hip and back were
9  hurting.  And then I went home after that.
10     **Q.  Okay.  And you mentioned you were feeling**
11 **hurt throughout the day after the incident?**
12     A.  Yes.
13     **Q.  And did you go to the doctor at that time?**
14     A.  Yes.
15     **Q.  You said you went to the doctor on the day of**
16 **the incident?**
17     A.  No, not the day of the incident.
18     **Q.  Okay.  Is there any particular reason why you**
19 **didn't go that day?**
20     A.  I think I thought that some Motrin and
21 Tylenol would take care of it.
22     **Q.  Sure.  And you mentioned you went to report**
23 **that incident at Walmart the very next day.  Is that**
24 **correct?**
25     A.  Yes.

 is now 

HANCOCK v WAL-MART STORES, INC.                                    Page 64
TRACY JENICE HANCOCK, 03/30/2023

```
 1                      E R R A T A

 2

 3

 4        I wish to make the following changes, for the

 5    following reasons:

 6

 7    PAGE LINE

 8    _____  CHANGE:_____

 9                     REASON:_____

10    _____    CHANGE:_____

11                     REASON:_____

12    _____     CHANGE: _____

13                     REASON:_____

14    _____     CHANGE:_____

15    _____     CHANGE:_____

16                     REASON:_____

17    _____     CHANGE:_____

18                     REASON:_____

19    _____     CHANGE: _____

20                     REASON:_____

21    _____     CHANGE:_____

22

23    _____      _____

24    TRACY JENICE HANCOCK                       DATE

25
```




```
 1              A C K N O W L E D G E M E N T

 2

 3

 4

 5          I, TRACY JENICE HANCOCK, the witness

 6   herein, having read the foregoing testimony of the

 7   pages of this deposition, do hereby certify it to be

 8   a true and correct transcript, subject to the

 9   corrections, if any, shown on the attached page.

10

11

12              _____

13                   TRACY JENICE HANCOCK

14

15

16   Sworn and subscribed to before

17   me, this            day

18   of                     , 2023

19

20   _____

21   Notary Public

22

23

24

25
```



```
 1                 C E R T I F I C A T E

 2

 3          I, JEANNETTE McCORMICK, a Certified

 4   Shorthand Reporter and Notary Public, certify that

 5   the foregoing is a true and accurate Computerized

 6   Transcript of the remote Zoom Deposition within to

 7   the best of my ability.

 8

 9          I further certify that I am neither

10   attorney, of counsel for, nor related to or employed

11   by any of the parties to the action in which the

12   Depositions are taken, and further that I am not a

13   relative or employee of any attorney or counsel

14   employed in this case, nor am I financially

15   interested in the action.

16

17

18

19

20   JEANNETTE McCORMICK, CCR

21

22

23

24

25
```




APPX_019



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TRACY JENICE HANCOCK** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:22-cv-00456-K** |
| | § | |
| **WAL-MART STORES, INC.** | § | |
| **DEFENDANT.** | § | |

---

### DECLARATION OF CINDY ESCOBEDO

---

In accordance with Rule 56(c)(4) of the Federal Rules of Civil Procedure, I declare as follows:

1. "My name is Cindy Escobedo. I am over 18 years of age, of sound mind, and capable of making this declaration. The facts stated in this declaration are within my personal knowledge and are true and correct.

2. I am currently an Overnight Coach at the Walmart store located at 7401 Interstate Highway 30, Greenville, Texas 75402. In February of 2020, I worked as Assistant Manager at the Walmart store located at 7401 Interstate Highway 30, Greenville, Texas 75402. I have worked at Walmart for approximately 15 years.

3. Part of my job responsibility as Assistant Manager in February of 2020 was to investigate incidents such as the one alleged by Ms. Hancock. I received training by Walmart on how to conduct these investigations, and I have conducted these types of investigations at Walmart for approximately 15 years.

4. Generally, my investigation involves examining any condition alleged to have caused the incident, taking photographs of the scene, reviewing surveillance video (if available), and speaking with the injured customer and available witnesses. In addition, I walk through the

details of the incident with the customer and ensure that the customer and any witnesses fill out a report.

5.      I personally conducted an investigation of the alleged incident in this matter when it was reported to me on February 4, 2020. I took pictures of the area in which the incident was alleged to have taken place. I obtained a statement from Ms. Hancock, who observed the alleged condition on the floor following the incident. I observed surveillance footage of the incident.

6.      Based on my investigation, neither Walmart nor its employees created the condition in question. The the creation of the condition was unknown, and no one, including the employees at Walmart, had any knowledge of how the condition was created or how long the condition existed prior to Ms. Hancock's incident.

7.      In addition, based on the information I received and the information known to me, the condition itself was not conspicuous in any manner to allow any employee to discover it prior to Ms. Hancock's incident.

I decalare under penalty of perjury that the foregoing is true and correct.

Executed in Hunt County, State of Texas, on the 5th day of May, 2023.

**CINDY ESCOBEDO**